# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| EMAD ALABASI, et al., | ) | CASE NO. 1:19-cv-1007 |
| | ) | |
| PLAINTIFFS, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND |
| | ) | ORDER OF DISMISSAL |
| CITY OF LYNDHURST, et al., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

The complaint in this matter was filed on May 6, 2019. (Doc. No. 1.) On August 13, 2019, the Court entered an order requiring plaintiffs to show cause why this case should not be dismissed without prejudice for failure to serve under Rule 4(m) of the Federal Rules of Civil Procedure. (Non-doc. Order, dated Aug. 13, 2019.) On August 19, 2019, plaintiffs, through counsel, filed their response indicating that "[t]he delay in service was due to an unintentional oversight on the part of undersigned counsel and not for the purpose of delay." (Doc. No. 14 (Response to Show Cause Order ["Resp."]) at 30.) The response further provides that on August 13, 2019, the date the Court directed plaintiffs to show cause, plaintiffs' counsel caused the complaint and summons to be served on all defendants. (*Id.*, citing Doc. No. 4-1.)

Rule 4(m) provides, in pertinent part:

If a defendant is not served within 90 days after the complaint is filed, the court-on motion or on its own after notice to the plaintiff-must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Plaintiffs have not shown good cause for failing to meet the time limit in Rule 4(m). The standard for showing good cause is "excusable neglect," and Sixth Circuit law states that "simply inadvertence of mistake of counsel" does not suffice. *Moncrief v. Stone*, 961 F.2d 595, 597 (6th Cir. 1992); *see, e.g., Kilgore v. Brennan*, No. 16-2012-STA-DKV, 2016 WL 4183353, at *3 (W.D. Tenn. Aug. 8, 2016) (counsel's "oversight" in failing to timely serve did "not constitute good cause under Rule 4"). Moreover, plaintiffs' subsequent untimely service does not excuse the failure to serve within the time limit set forth in the federal civil rules.

Because plaintiffs have not shown good cause for failing to abide by Rule 4(m), this case is DISMISSED WITHOUT PREJUDICE.

**IT IS SO ORDERED**.

Dated: August 27, 2019

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**